# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO C. TRUJILLO, | Case No. 1:14-cv-01371 DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENAS DUCES TECUM |
| v. | |
| RODRIGUEZ, | (Document 7) |
| Defendant. | |

Plaintiff Guillermo C. Trujillo ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff's September 2, 2014, complaint is awaiting screening.[1]

On September 15, 2014, Plaintiff submitted two completed subpoenas duces tecum. It appears that he wants Defendant Rodriguez to produce documents. Plaintiff's second subpoena is directed at Barbara Bookover of the Chula Vista Department of Records.[2]

Plaintiff is advised that he is not entitled to begin discovery unless and until Defendant files an answer. The Court will not order service on a defendant until a complaint has been screened and the Court finds that it states a claim for which relief may be granted. As noted in the September 3,

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate on September 15, 2014.

[2] The subpoena for Ms. Bookover was submitted with the subpoena for Defendant. However, it references case number C-13-05046 HRL (PR). There is no such case in this Court and it is therefore unclear whether Plaintiff meant to submit this subpoena in this action.

1

2014, First Informational Order, discovery may not begin "until the Court issues a discovery order or otherwise orders that discovery begin." ECF No. 3, at 4.

      Plaintiff is also informed of the following requirements for the issuance of a subpoena duces tecum. Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents, electronically stored information, and/or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d). However, the Court will consider granting such a request only if the documents or items sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents, electronically stored information, and/or tangible things. Fed. R. Civ. P. 34. If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step. If the Court rules that the documents, electronically stored information, and/or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena. Fed. R. Civ. P. 26(b), 34(a)(1). Alternatively, if the Court rules that the documents or items are not discoverable, the inquiry ends. Fed. R. Civ. P. 26(b).

      Accordingly, Plaintiff's motion is DENIED as premature. Discovery in this action has not yet commenced.

IT IS SO ORDERED.

    Dated:   **September 25, 2014**           /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE