# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO C. TRUJILLO,<br><br>  Plaintiff,<br><br>  v.<br><br>NURSE RODRIGUEZ,<br><br>  Defendant. | Case No. 1:14-cv-01371 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Guillermo C. Trujillo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on September 2, 2014.[1] He names Nurse Rodriguez as the sole Defendant.[2]

**A.    SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid,

---

[1] On December 29, 2014, the Court granted Plaintiff's motion to file a supplemental/amended complaint. While he did not file an amended complaint, he filed additional exhibits on January 26, 2015. Though the Court does not generally permit the filing of exhibits separately, it filed the exhibits out of an abundance of caution.

[2] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 15, 2014.

1  the court shall dismiss the case at any time if the court determines that . . . the action or

2  appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C.

3  § 1915(e)(2)(B)(ii).

4        A complaint must contain "a short and plain statement of the claim showing that the pleader

5  is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

6  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

7  do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly,

8  550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to

9  'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual

10  allegations are accepted as true, legal conclusions are not. Id.

11        Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other

12  federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092

13  (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.

14  Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or

15  omissions of each named defendant to a violation of his rights; there is no respondeat superior

16  liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d

17  1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009);

18  Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim

19  for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

20  The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S.

21  at 678; Moss, 572 F.3d at 969.

22  **B.    PLAINTIFF'S ALLEGATIONS**

23  Plaintiff is currently incarcerated at Kern Valley State Prison in Delano, California. The

24  events at issue occurred while Plaintiff was incarcerated at the California Substance Abuse

25  Treatment Facility in Corcoran, California.

26        Plaintiff's complaint is brief. He states that on November 1, 2013, he was the victim of an

27  assault with a deadly weapon by Correctional Officer Munoz.[3] Plaintiff believes that Defendant

28

---

[3] This assault appears to be the subject matter of Trujillo v. Munoz, 1:14-cv-01215-GSA

Nurse Rodriguez was "part" of the assault "because on numerous occasions she tried to bribe me to get sexually active with me if I personally agreed to get assaulted out on the yard." ECF No. 1, at 3. Plaintiff states that she agreed to help him win a civil action he had filed against Correctional Officer Munoz if he agreed to her request.

According to Plaintiff's inmate appeal, attached as an exhibit, he alleges that Defendant "got [him] targeted on an assault w/ deadly weapon by offering her body charms to inmates" on C-Yard, Building Five, Cell 123." It appears this occurred two weeks prior to the November 1, 2013, assault. ECF No. 12, at 2. In another appeal, Plaintiff states that days before the assault, Defendant "offered herself sexually" to inmates on C-section if they would stab Plaintiff and get him off the yard. ECF No. 12, at 12, 14.

Plaintiff states that he filed a staff complaint for sexual harassment against Defendant Rodriguez.

**C.    DISCUSSION**

    1.    Rule 8

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

Plaintiff's exact claim against Defendant Rodriguez is unclear. While he complained of sexual harassment in his appeals, it appears that he is now contending that Defendant was involved in having Plaintiff assaulted on November 1, 2013. However, his allegation that she tried to bribe him to have sex if he'd agree to "get" assaulted on the yard is not sufficiently explained to state a plausible claim for relief.

3

"A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44). Plaintiff has not specifically charged Defendant with conduct indicating that she subjected Plaintiff to excessive force, or participated in the attack in any way.

Plaintiff will be permitted to amend. The Court offers the following standards should Plaintiff chose to amend his complaint.

2. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Verbal harassment or abuse alone is not sufficient to state a claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a

4

constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

    3. Conspiracy

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted). As such, a bare allegation that defendants conspired to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

**D. ORDER**

The Court will provide Plaintiff with the opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted). Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:   **February 22, 2015**          /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE