UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO C. TRUJILLO,<br><br>        Plaintiff,<br><br>vs.<br><br>RODRIGUEZ,<br><br>        Defendant. | Case No. 1:14-cv-01371-DAD-EPG<br><br>**FINDINGS AND RECOMMENDATION RECOMMENDING THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED ON NON-EXHUASTION BE GRANTED**<br><br>(ECF No. 30)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS** |

### I. BACKGROUND

Guillermo C. Trujillo ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 2, 2014.  (ECF No. 1.)  This action now proceeds on Plaintiff's Second Amended Complaint, dated October 5, 2015, (ECF No. 18) on an Eighth Amendment claim against Defendant Rodriguez. (ECF No. 21.)

On May 6, 2016, Defendant Rodriguez ("Defendant") filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure asserting that Plaintiff failed to exhaust his available administrative remedies with respect to his § 1983 claims in this action. (ECF No. 30.)  On May 23, 2016, Plaintiff filed an opposition to the motion.  (ECF No. 34.)  On May 31, 2016, Defendant filed a reply to the opposition.  (ECF No. 42.)  The matter is now

before this Court.

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

The events at issue occurred while Plaintiff was incarcerated at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.

Plaintiff contends that Defendant Rodriguez "unlawfully subjected [him] to be target[] of an assault with a deadly weapon. . ." ECF No. 18, at 3. During medication delivery, Defendant Rodriguez verbally bribed Plaintiff to get "sexually active" if he agreed to get himself targeted on the yard. Plaintiff did not agree to her offer, and she immediately had him assaulted on November 1, 2013. He suffered multiple stab wounds and abrasions to his head.

Plaintiff contends that she did this because Plaintiff reported staff misconduct, and she threatened him with assault on numerous occasions.

Plaintiff contends that this constituted cruel and unusual punishment in violation of the Eighth Amendment.

## III. LEGAL STANDARDS

### A. Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 90 (2006).

As the U.S. Supreme Court recently explained in Ross v. Blake, 136 S.Ct. 1850, 1856 (June 6, 2016) regarding the PLRA's exhaustion requirement:

> [T]hat language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies. . . . [T]hat edict contains one significant qualifier: the remedies must indeed be 'available' to the prisoner. But aside from that exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.'

Id. (internal quotations and citations omitted)

In deciding a motion for summary judgment "for failure to exhaust nonjudicial remedies under the PLRA, a district court may look beyond the pleading and decide disputed issues of fact." Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010).

### B.  Motion for Summary Judgment for Failure to Exhaust

The failure to exhaust in compliance with section 1997e(a) of the PLRA is an affirmative defense that Defendants have the burden of raising and proving. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt with respect to the proper procedural device for raising the affirmative defense of exhaustion under section 1997e(a). Albino v. Baca ("Albino II"), 747 F.3d 1162, 1168–69 (9th Cir. 2014) (*en banc*). Following the decision in Albino II, defendants may raise exhaustion deficiencies as an affirmative defense under section 1997e(a) in either (1) a motion to dismiss pursuant to Rule 12(b)(6) or (2) a motion for summary judgment under Rule 56. Id. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(e). Jones, 549 U.S. at 223–24; Lira v. Herrera, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Albino II, 747 F.3d at 1169 ("If there is a genuine dispute about material facts, summary judgment will not be granted."). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory

answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The Court may consider other materials in the record not cited to by the parties, but is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010). In judging the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011). The Court must liberally construe Plaintiff's filings because he is a *pro se* prisoner. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

In a summary judgment motion for failure to exhaust, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino II, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with defendants, however. Id. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id. at 1166.

## IV.   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### A.   Defendant's Motion

In her motion for summary judgment, Defendant argues that Plaintiff failed to file a grievance with the prison regarding the underlying incident. Specifically, Defendant explains:

> From November 2013 to October 2015, Plaintiff submitted and the SATF appeals office processed one grievance. (DUF 9.) This grievance, Log No. SATF-C-13-04905, was submitted at the First Level on December 12, 2013 and asserted a staff complaint against Officer Munoz because of an unclothed body search. (DUF 9, 10.) Within the relevant timeframe, Plaintiff failed to process a single grievance through the Third Level of Review concerning Defendant Rodriguez, or asserting a claim that a staff member was orchestrating inmate assaults against him. (DUF 12.)

(ECF No. 30-1, p. 2).

In support, Defendant submits two declarations. First, Defendant submitted the declaration of M. Voong, Chief of the Office of Appeals ("OOA"), for the California Department of Corrections and Rehabilitation ("CDCR"). (ECF No. 30-3). Voong explains declares under penalty of perjury that "OOA receives, reviews, and maintains inmates' non-medical appeals accepted for review at the third level. This is the final level of review in CDCR's administrative appeal process, and a final decision at this level is generally required to exhaust an inmate's administrative remedies for an appeal." (ECF No. 30-3, at p. 1.) After reviewing the records available for such appeals, Voong concludes:

> OOA's records show that, during the relevant timeframe, inmate Trujillo submitted sixteen appeals to the Third Level of Review, that were accepted and adjudicated. These appeals all concerning allegations at Kern Valley State Prison, rather than Corcoran Substance Abuse Treatment Facility (SATF), are [numbers listed, all beginning with "KVSP"]. Notably, none of these appeals address allegations from SATF, as shown by their institutional log number.

(ECF No. 30-3, at p. 3). The declaration also attached supporting documentation of the logs of Plaintiff's appeals.

Defendant also submitted a declaration from J. Zamora, the Appeals Coordinator at SATF. Zamora declares under penalty of perjury that CDCR had an administrative appeal process in place for inmates at the relevant time, which included three formal levels of review: "All staff members involved in an inmate's issues were required to be named in an appeal, and a final decision at the third level of review was, and still is, required to exhaust an inmate's administrative remedies. Since January 2011, an inmate has been required to file his appeal within thirty days of the events being grieved." (ECF No. 30-4, at p.3). Zamora conducted a search for any non-medical appeals at SATF by Plaintiff between November 1, 2013 and October 5, 2015, which were accepted and adjudicated for issues arising during his incarceration at SATF. His review revealed that Plaintiff only submitted one appeal related to his incarceration at SATF during the relevant timeframe, which is attached as Exhibit B to the Zamora declaration. That grievance is asserted against correctional officer Munoz and does not name Defendant Rodriguez. It alleges that Plaintiff was subjected to an unclothed body search

in retaliation for filing a 602 appeal against correctional office Munoz. Although Plaintiff filed other grievances, all of them were screened out at the first or second levels of review. Zamora attaches the screen out letters that include the reasons for rejecting the appeals.

### B. Plaintiff's Opposition to Defendant's Motion for Summary Judgment

In his opposition, Plaintiff claims that he filed a 602 grievance against Defendant Rodriguez on October 19, 2013 regarding her ongoing bribery to get sexually active with Plaintiff. Plaintiff says "this grievance was filed days before the incident occurred on November 1, 2013." (ECF No. 46, at p. 1). Plaintiff also alleges generally that he never failed to exhaust administrative remedies.

Furthermore, Plaintiff accuses Zamora of lying because Zamora's declaration omitted ten other appeals that were screened out at the first or second level. However, Plaintiff declares that they were not sent back to Plaintiff, so he could not exhaust the third level of appeals. Plaintiff claims that Zamora violated appeal time limits.

Plaintiff attaches ten letters screening out various appeals for being outside the time limits or otherwise violating CDCR policy. (ECF No. 46, Exh. A).

He also attaches a rough draft of an appeal dated October 30, 2013, which is not on any 602 or other form. (ECF No. 46, at p. 3)

### C. Defendant's Reply

Plaintiff's reply argues that Defendant failed to put forth any evidence that he exhausted administrative remedies as to the incident at issue. His statement about submitting a grievance on October 19, 2013 is unsupported and in any event cannot concern the incident in the complaint, which allegedly occurred on November 1, 2013. The rough draft complaint similarly predates the incident and lacks any proof that it was submitted to the institution.

### V.   FINDINGS AND RECOMMENDATIONS BASED ON EVIDENCE PRESENTED

After review of all evidence submitted in connection with summary judgment, this Court finds that Plaintiff has failed to exhaust his administrative remedies prior to filing this lawsuit and recommends granting Defendant's motion for summary judgment and dismissing Plaintiff's case for a failure to exhaust.

Defendant submitted evidence in the form of sworn declarations and supporting documents that indicate that SATF had an appellate process available at the time of the incident that involved submission of a form 602 grievance at the institution and ultimately appeal to the third level.  Defendant sets forth admissible evidence that Plaintiff had failed to submit a proper 602 grievance regarding this incident at SATF and also failed to submit a grievance that went through the third level of appeals regarding the incident.

Plaintiff's opposition concedes that no such grievance went through the three levels of review.  Plaintiff refers to two potential grievances regarding Defendant Rodriguez, but both are dated prior to the incident.  Moreover, there is no proof that either were sent to the appeals office, not to mention procedurally proper to be accepted at the first and second level, or submitted to a third level of review.

Although Plaintiff questions Zamora's truthfulness, Plaintiff's allegations about missing certain appeals that were screened out does not raise a significant question regarding the authenticity of the facts in Zamora's declaration.  On the contrary, the Court understood that Zamora conceded that additional appeals were submitted but screened out.

Neither party fully explained whether Plaintiff submitted an appeal covering this topic to the first level for a procedural reason, which was screened out, or never submitted any appeal covering this topic.  Again, Plaintiff only describes appeals against Rodriguez predating the conduct at issue, so appears to concede that he did not file a grievance covering the conduct at issue in the complaint in the thirty days following that incident.  In any event, whether an improper appeal covering this conduct was submitted and rejected, or never submitted, is ultimately not relevant to the issue of exhaustion under the circumstances because Defendant submitted undisputed evidence that Plaintiff failed to fully exhaust his administrative remedies and Plaintiff did not put forth any evidence that the appeals process was unavailable at the time.

## VII.    CONCLUSION AND RECOMMENDATIONS

For those reasons, the Court finds that Defendant has met its burden of proving its affirmative defense of failure to exhaust Plaintiff's administrative grievances before filing the complaint and RECOMMENDS that Plaintiff's lawsuit be dismissed without prejudice for

failure to exhaust.

Based upon these Findings of Fact and Conclusions of Law, **IT IS HEREBY RECOMMENDED that:**

1. Defendant's motion for summary judgment on the issue of failure to exhaust, filed on May 6, 2016 (ECF No. 30), be GRANTED;
2. Plaintiff's case be DISMISSED without prejudice for failure to exhaust.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within thirty (30) days** after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 8, 2016**         /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE